**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MESTEK MACHINERY, INC.,**<br>125 N. Elm Street<br>Westfield, Massachusetts 01085<br><br>Plaintiff<br><br>v.<br><br>**PRODUCTION PRODUCTS, INC.,**<br>30500 Potomac Way<br>Charlotte Hall, Maryland 20622<br>(St. Mary's County)<br><br>Defendant | Civil Case No.:<br><br>JURY DEMAND |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Mestek Machinery, Inc, ("Mestek" or "Plaintiff"), for its Complaint against Production Products, Inc. ("PPI" or "Defendant"), alleges as follows.

## INTRODUCTION

1. This is an action for patent infringement arising under Title 35 of the United States Code. Mestek owns a patent for protection systems for laser cutting machines. Plaintiff alleges that PPI has directly and willfully infringed this patent.

## PARTIES AND JURISDICTION

2. Mestek is a corporation organized and existing under the laws of Delaware. It has a principal place of business in Westfield, Hampden County, Massachusetts.

3. PPI is a Maryland corporation with its principal place of business at 30500 Potomac Way, Charlotte Hall, Maryland 20622.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) as this case arises under the patent laws of the United States.

5. The Court has personal jurisdiction over the Defendant as it resides in this District and has engaged in systematic and continuous business activities in this District. Defendant has also committed acts of patent infringement giving rise to this action within this District.

6. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b) as Defendant resides in this District and has committed acts of patent infringement that give rise to this action within this District.

**ALLEGATIONS COMMON TO ALL COUNTS**

7. Mestek is a leading manufacturer and distributor of heating, ventilation and cooling products including residential and commercial equipment. Mestek has been in operation since 1946 and has licensed and/or obtained numerous patents to protect its products.

8. Mestek is the owner of U.S. Patent No. 10,807,200 (the ‘200 Patent), directed to protection systems for laser cutting machines. A copy of the ‘200 Patent is attached hereto as Exhibit A.

9. The ‘200 Patent is directed generally to protection systems, e.g., a housing that surrounds only a laser torch head of a relatively large laser cutting machine used to cut, for example, metal sheeting. The protection systems are configured to protect the eyes and skin of an operator of the machine from high levels of energy emitted from the torch head laser. By surrounding only the laser torch head with a guard, the overall volume and cost of the laser cutting machine is reduced, and such machines are easier to use.

10. PPI has developed a laser cutting machine that it labels the "Laser Pro Open Table Cutting Machine" which includes a laser torch head with protection systems as taught and claimed in the '200 Patent (the "Laser Pro" and the "Accused Product").

11. PPI is presently manufacturing, using, offering to sell, selling, and/or importing the Laser Pro, and has done the same since 2024.

12. Through PPI's development, testing, advertising and/or marketing of the Laser Pro, it directly infringes, either literally and/or through the doctrine of equivalents, multiple claims of the '200 Patent.

13. Counsel for Mestek promptly advised PPI's counsel of its infringement of the '200 Patent through a cease-and-desist letter dated December 12, 2025. As a result, PPI has actual knowledge of the existence and scope of the '200 Patent.

14. PPI continues to offer the Laser Pro for sale through its web site, and actively in the marketplace, thereby continuing to infringe the '200 Patent.

15. In particular, PPI continues to manufacture, use, offer to sell, sell, and/or import the Laser Pro in a manner that knowingly and willfully infringes multiple claims of the '200 Patent.

**Count I – Infringement of the '200 Patent**

16. Plaintiffs incorporate the preceding paragraphs as if set forth in full herein.

17. PPI directly infringes the '200 Patent by practicing each and every element of multiple claims of the '200 Patent, including, but not limited to claim 1, either literally or through the doctrine of equivalents. An exemplary claim chart is attached as Exhibit B.

18. PPI has no right or license to sell any product that infringes the ‘200 Patent, and Plaintiffs have not consented to Defendant’s manufacture, use, offer to sell, sale, or import of the Laser Pro or any use thereof.

19. PPI received actual notice of the ’200 Patent prior to the initiation of the present lawsuit and no later than December 12, 2025, but nevertheless willfully continues to make, use, offer to sell, sell, and/or import the Laser Pro in the United States.

20. Plaintiffs are and have been irreparably damaged by PPI’s infringement, and unless PPI’s infringing activities are enjoined by this Court, Plaintiffs will continue to suffer monetary damage, market price erosion, loss of market share, lost sales, and irreparable harm to their reputation, relationships, and goodwill with their customers, vendors, distributors, industry professionals, and others.

WHEREFORE, the Plaintiffs pray that this Honorable Court grant the following relief:

A. A judgment that Defendant has directly and indirectly infringed one or more claims of the ‘200 Patent;

B. A judgment that Defendant’s infringement has been willful;

C. A judgment permanently enjoining Defendant, its officers, directors, agents, servants, and employees, affiliates, subsidiaries, or others controlled by Defendant, and all persons in active concert or participation with Defendant, from infringing the ‘200 Patent;

D. An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, together with prejudgment interest from the date the

infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

E. An award of increased damages under 35 U.S.C. § 284 of up to three times the amount of damages assessed;

F. A finding in favor of Plaintiffs that this is an exceptional case under 35 U.S.C. § 285, and an award to Plaintiffs of their costs, including their reasonable attorneys' fees and other expenses incurred in connection with this action; and

G. Any and all such other and further relief as this Court may deem appropriate.

DATED August 7, 2026

Respectfully submitted,

By: */s/*
Jean E. Lewis (Bar No. 27562)
Justin A. Redd (Bar No. 18614)
KRAMON & GRAHAM, P.A.
750 E. Pratt Street, Suite 1100
Baltimore, Maryland 21202
Telephone: (410) 752-6030
Facsimile: (410) 539-1269
jlewis@kg-law.com
jredd@kg-law.com

GROGAN, TUCCILLO & VANDERLEEDEN, LLP
Kevin H. Vanderleeden
Jeffrey E. Schiller
Hanni Guo
GROGAN, TUCCILLO & VANDERLEEDEN, LLP
1350 Main Street, Suite 508
Springfield, MA 01103

*ATTORNEYS FOR PLAINTIFF*

## Jury Demand

Plaintiff demands trial by jury for all issues triable by a jury.

*/s/* ______________________________
Jean E. Lewis (Bar No. 27562)